UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON L.,

          Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C24-5448-BAT

**ORDER REVERSING AND REMANDING**

    Plaintiff appeals the ALJ's decision finding her not disabled. In 2021, Plaintiff applied for benefits alleging disability beginning April, 2020. After conducting a hearing in August, 2023, the ALJ issued a decision finding (1) Plaintiff engaged in substantial gainful work activity (SGA) in the fourth quarter of 2021 and July 2023 but as the periods of SGA were brief, the entire period since alleged onset will be considered; (2) ankylosing spondylitis of the SI joints and ulcerative colitis with enteropathic arthropathy are severe impairments; (3) with these impairments, Plaintiff retains the residual functional capacity (RFC) to perform light work with certain additional limitations; and (4) Plaintiff is capable of performing past relevant work as a server and administrative clerk, and is therefore not disabled.

    Plaintiff contends the Court should remand this matter for further administrative proceedings on the grounds the ALJ erroneously rejected her testimony that pain and fatigue

ORDER REVERSING AND REMANDING - 1

limit her ability to work; misevaluated the opinion of treating nurse practitioner Sydni Wright, ARNP, that Plaintiff must lie down daily due to pain and fatigue and will miss work four days a month; and erroneously found Plaintiff performed SGA during the relevant period. Dkt. 9 at 1-2.

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

    **A.**    **Plaintiff's Testimony**

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged but discounted Plaintiff's testimony. The ALJ did not find Plaintiff was malingering and was thus required to provide clear and convincing reasons to discount Plaintiff's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 113637 (9th Cir. 2014); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony."). The ALJ is not required to "believe every allegation of disabling pain," *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)), or to "perform a line-by-line exegesis" of Plaintiff's testimony. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

At the hearing the ALJ conducted on August 31, 2023, Plaintiff's lawyer stated Plaintiff:

> is working right now as she will testify too, and we did send in the paystubs from Sunset Grill, she started that job on June 26th, 2023, and as noted she is over SGA the last two months but as she – and I'm proffering at this point but she will testify that she is missing

> days of work already. She is calling in sick and as – is very worried that she will not be able to keep this job only two months in.

Tr. 39-40. Plaintiff testified she works as a waitress four days a week and her current shift is Saturday to Tuesday from 8:00 am to 2:30 pm. Tr. 41. She stated in the last two months, she "called out" four times, and her employer told her if she continues to call out "we're going to have to look at your schedule." *Id*. Plaintiff testified she cannot work due to insomnia, pain, cramping, nausea, need to use the restroom, exhaustion and need to nap, and that she spends most of her time at home resting because she is tired and in pain from working. Tr. 44. She further stated that since 2019, her pain has grown progressively worse, she takes more pain medication, is exhausted throughout the day, Tr. 45, and has pain "flare ups" lasting a few days or a few weeks that fluctuates but can occur monthly. Tr. 48. Plaintiff further testified she lives in a "mother-in-law" with her parents and that her mother helps her with household chores and shopping. Tr. 56.

In October 2023, the ALJ issued a decision noting Plaintiff's testimony that she was currently working but "had to call in a number of times because of chronic pain and fatigue," Tr. 23; that she indicated she spends her days trying to catch up on sleep or resting due to pain and energy loss caused by working and naps several days on average; and that her fluctuating pain levels and medications cause side effects, and her insomnia and symptoms of ankylosing spondylitis and ulcerative colitis make it difficult for her to hold even part-time work. *Id.* at 23-24. However, the ALJ discounted Plaintiff's testimony as inconsistent with the "medical evidence and other evidence of record." Tr. 24.

The ALJ indicated Plaintiff has a history of joint pain in multiple locations since her teenage years and "endorses stiffness of more than an hour in the mornings" and that her pain

was relieved by activity but interferes with her sleep causing fatigue. *Id.* at 24. The ALJ found contrary to Plaintiff's testimony, the medical record shows Plaintiff can perform less than light work. The ALJ indicated the medical record documents Plaintiff's impairments to be "sufficiently controlled to allow her to perform work," and that Plaintiff's treatment records show her colitis is stable and in remission with Humira. *Id.*

The ALJ noted Plaintiff's June 2022 treatment note indicated no acute distress or joint problems and no side effects from treatment. *Id.* The ALJ further noted Plaintiff indicated ongoing morning stiffness and neck, shoulder, and back pain but that she expressed satisfaction with her therapy; had no swelling in her joints; had full range of movement; and little lower body complaints. Tr. 25. In June 2023, the ALJ noted Plaintiff indicated her medications were effective for pain, and she had no breakthrough pain, no side effects and her medications allowed her to be more functional. *Id.*

Additionally, the ALJ noted in July 2023, Plaintiff returned to gainful activity by working as a restaurant server. Tr. 25. An August 2023 provider statement indicated Plaintiff had to call out of work often due to fatigue and pain. The ALJ stated "[h]owever, there are no records for that contemporaneous period to support that the effectiveness of treatment that had maintained through June of that year, and that had allowed her to return to substantial gainful activity had waned." Tr. 25.

Plaintiff contends the ALJ erred. She first argues the ALJ erroneously discounted her testimony based upon "a lack of objective evidence, i.e., no swelling or limitations of range of motion" and contends the ALJ cannot discount a claimant's pain testimony solely because it is not fully corroborated by objective medical findings, and further contends the ALJ did not "establish a medical basis" for his conclusion the record undermines Plaintiff's testimony. Dkt. 9

at 5-6. This argument does not track with the ALJ's decision regarding Plaintiff's pain complaints.

The ALJ found Plaintiff reported in June 2023 her "medications were providing effective for pain and were allowing her to be more functional and more active," and that her physical examination was unremarkable. Tr. 25. The ALJ made this finding by noting the medical record showed Plaintiff's pain symptoms "were sufficiently controlled," and not as Plaintiff argues, that there was no objective evidence supporting Plaintiff's claims about pain. This much is clear because the ALJ further found Plaintiff's full range of motion, lack of swelling, no lower extremity complaints and limited medication side-effects, Tr. 24, were also inconsistent with her complaints of stiffness and pain, especially in the morning. *Id.* Thus, the Court cannot say the ALJ erroneously rejected Plaintiff's pain testimony simply on the grounds there was a lack of objective evidence to support her complaints.

Plaintiff also argues the ALJ mischaracterized the efficacy of her pain medications. Plaintiff contends while her pain medication provided some relief (best pain relief 2 out of 10), her pain was not well controlled as the ALJ found and instead fluctuated with pain levels generally at 5 of 10 and up to 6 during a flareup. However, the Court cannot say the ALJ unreasonably found Plaintiff's medications provided Plaintiff pain relief because after receiving the medications, there is no dispute Plaintiff started to work as a waitress.

Plaintiff argues the ALJ's consideration of her work as a waitress server is misplaced because she "tried to work as a server on multiple occasions but was unable to perform her duties on a sustained basis even on a part-time basis." Dkt. 14 at 4-5. The Court notes the ALJ's finding regarding Plaintiff's work activity as evidence of non-disability focused on Plaintiff's pain symptoms. The ALJ determined Plaintiff's claim she was missing work in July 2023 due to pain

was inconsistent with the lack of records showing the medications she received in June 2023, were no longer effective in July 2023. The ALJ's focus on Plaintiff's pain symptoms is clear because the ALJ discussed Plaintiff's pain symptoms, concluded there was an absence of mediation side-effects, and then found Plaintiff returned to work although "there are no records for that contemporaneous period to support that the effectiveness of treatment that had maintained through June of that year, and allowed her to return to substantial gainful activity had waned." Tr. 25.

However, the ALJ's finding does not account for all of Plaintiff's symptom testimony. While the ALJ discussed and rejected Plaintiff's testimony about pain, the ALJ did not discuss Plaintiff's testimony that she could not maintain work, not just due to pain symptoms but also because of fatigue. Tr. 24, 25. Further, as to Plaintiff's fatigue complaints, contrary to the ALJ's assessment of the medical evidence, the record shows in July, 2023, Plaintiff was seen regarding sleep problems and fatigue. The medical record indicates "the patient still feels tired and not well rested. She wakes up frequently and has restless sleep" . . . "she took 100 mg trazadone to help sleep that night [but] feels hung over the next day" … "she will nap and struggle to get up in the morning. Not presently working." Tr. 584. Accordingly, substantial evidence does not support the ALJ's determination to discount Plaintiff's testimony that her fatigue impaired her ability to work.

The Court thus concludes the ALJ erred in discounting Plaintiff's testimony. While the ALJ addressed her pain testimony, the ALJ failed to discuss and provide reasons to reject her fatigue complaints. This error is harmful because the ALJ should have and failed to consider all limitations and the combined effects of all limitations on Plaintiff's ability to perform substantial

1  gainful work activity. *See e.g., Smith v. Colvin*, 554, 569 Fed.Appx. (9th Cir. 2014) (ALJ errs by

2  determining RFC that fails to account for the combined effects of impairments).

3        **B.**    **ARNP Wright**

4        The ALJ noted and discounted ARNP Wright 2023 opinion that Plaintiff needs to lie

5  down during the day and will miss four or more days of work per month. Tr. 26. The ALJ found

6  the opinion to be inconsistent with the record which shows "stability of claimant's symptoms

7  with treatment," effectiveness of medications for pain, and Plaintiff work in the fourth quarter of

8  2001 and "since July 2023." *Id.* However, ARNP Wright opined Plaintiff needs to lie down

9  daily "for fatigue and pain," not just for pain. Tr. 640. As noted above, the ALJ discussed

10 Plaintiff's pain complaints but failed to discuss her fatigue complaints, and thus harmfully erred.

11 Further, as discussed above, Plaintiff's medical records in July 2023 showed she was struggling

12 with sleep and fatigue which supports rather than contradicts ARNP Wright's opinion. The Court

13 accordingly concludes the ALJ harmfully erred in discounting ARNP Wright's opinion.

14       **C.**    **Past Relevant Work**

15       Because of the errors above the Commissioner on remand shall reassess Plaintiff's past

16 work along with reassessing Plaintiff's testimony and the opinions of ARNP Wright.

17                                     **CONCLUSION**

18       For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and

19 **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. §

20 405(g). On remand, the ALJ shall reassess the opinions of ARNP Wright, Plaintiff's testimony,

21 and Plaintiff's work activity; develop the record and redetermine RFC as needed and proceed to

22 the remaining steps of the disability determination process as appropriate.

23

DATED this 18th day of November, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 8